### THATCHER vs. WALDEN.

APPEAL from the court of the first district.

PORTER, J. delivered the opinion of the court. This is an action to recover a slave in possession of the defendant, which the plaintiff alleges to be his property. The cause was submitted to a jury, who found for the defendant : and the plaintiff appealed.

Two of the questions presented for discussion, arise out of a bill of exceptions taken on the trial.

The defendant offered one Crawford, as a witness, to prove that the plaintiff had given a verbal power to the person under whose sale the defendant holds the slave, to sell him. He was objected to on two grounds :— First, that he was interested ; and second, that parol proof could not be given of such a power ; that it must be in writing.

It appears the witness was part owner and captain of the steam boat Steubenville, on board of which the negro was hired. The

*A verbal power of attorney if given in a state where slaves pass by parol, is legal proof of the authority under which a written sale was made in this state.*

sale took place in New Orleans, to relieve the boat from some embarrassments she was under. Two of the brothers of the plaintiff were also owners of the boat, and one of them was on board at the time of the sale. It is alleged by one party that the sale was made by this brother, under a power of attorney from the petitioner: by the other, that the sale was made by Samuel Thatcher, without authority ; and that the witness had promised to make good the price to the plaintiff. The testimony on this head is contradictory. The jury, by their verdict, seemed to have believed the former was the fact. In either point of view, the witness was competent. In the first most clearly so—as he was not responsible for Thatcher's act. In the second still more clearly—for if the petitioner recovered, he became liable to him for the price. So that his interest, if any, was favourable to the party objecting.

The power to sell was given by the plaintiff in the state of Alabama; and it is proved that, by the laws of that state, a verbal authority to dispose of a slave is there legal, and binds the owner.

It is a general rule, that contracts must be

construed in relation to the laws of the country in which they are made; and that the proof offered of these contracts must be such as these laws require. The last position is a necessary corollary of the first; for if, to the validity of a contract in the country where it is made certain forms are required, or certain evidence made necessary; to receive less, or require more proof in another country, would either be making a contract binding on the parties which the law of the place where they stipulated did not,—or would be virtually impairing the obligation of the contract by refusing to enforce it, unless the party seeking to do so, furnished proof which it was impossible he could give. There is no difference between the right of a stranger to have the aid of the laws of the country where his debtor resides, to compel him to do justice in relation to a contract made under another government, and that of one citizen of a state, to enforce his claim against another. This principle which is founded on the comity of nations, and makes a part of international law, would be a mere illusion if other evidence was required for the validity of the agreement, than that of the laws of the country where it was made. The

application of this doctrine to the case before us, will readily shew that the court below committed no error in admitting the witness to testify to the authority given to sell the slave. The contract of mandate was complete in Alabama, and binding there on the plaintiff. It consequently bound him wherever the attorney in fact might carry it into execution, as the authority given affixed no limitation as to place. We cannot distinguish between the right to sell, as derived from a verbal power, and that acquired by a purchase made by parol ; and it has never been doubted, that in the latter case such evidence was good, where the slave was bought in a country where writing was not necessary to give validity to the contract. *Toullier, vol.* 9. *cap.* 6. *sec.* 2. *No.* 44 *in note. Repertoire de juris. vol.* 9. *verbo preuve. sec.* 2, 3. *art* 1. *No.* 3. *Kames on Equity*, 565, 7 *Term*, 241.

The objection in respect to the agent having sold for less than the price directed to be obtained by the principal, is removed by the offer made by the former to make up the deficiency. *Pothier Contrat du Mandat, No.* 94.

On the merits, we see nothing which would

authorise us to set aside the verdict. It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.

*M·Caleb & Byrnes* for the plaintiff, *Hoffman* for the defendant.